**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| OMAR M. ALGHIZAWAT,<br>Plaintiff,<br><br>v.<br><br>SARAH JENNIFER LOVETT; *et al.*<br>Defendants. | **DEFENDANT SARAH JENNIFER LOVETT'S**<br><br>**MOTION TO DISMISS**<br><br>Case No.: CV26-02393-PHX-JJT |

Defendant Sarah Jennifer Lovett ("Defendant"), appearing *pro se*, respectfully moves this Court pursuant to Arizona law of Absolute Privilege that is extended to citizens of crime victims' statements, see *Ledvina v. Cerasani,* 213 Ariz. 569, 574, ¶ 14, 146 P.3d 70, 75, for an Order dismissing the Complaint of Plaintiff Omar M. AlGhizawat ("Plaintiff") in its entirety, with prejudice.

Dismissal is warranted on two independent and overlapping grounds:

1. **Absolute Witness Immunity and the Litigation Privilege:** Defendant is absolutely immune from civil liability for evidence and testimony she provided in connection with quasi-judicial military proceedings.
2. **Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)):** Each of Plaintiff's now three claims — Defamation Per Se, Intentional Infliction of Emotional Distress, and Civil Conspiracy — independently fails to state a plausible claim upon which relief can be granted under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

**STATEMENT OF FACTS**

The following facts are relevant to this Motion:

1. Defendant is one of Plaintiff Omar M. AlGhizawat's sexual assault victims.
2. Defendant was requested for and interviewed by military investigators in connection with a pattern of sexual assaults the military was investigating into Plaintiff's conduct, including his sexual assault of Defendant.

3. Defendant was a party to a telephone conversation during which Plaintiff threatened to kill co-Defendant Werda Mohamed Shekhuna and Ms. Shekhuna's two minor children.

4. Defendant, who was a participant in the telephone call, lawfully recorded the conversation pursuant to Arizona's one-party consent law, A.R.S. § 13-3005, which permits a party to a telephone conversation or other communication to record it without the consent of the other parties.

5. Defendant provided the recording of Plaintiff's death threat against Ms. Shekhuna and her two minor children to military authorities for use as evidence in a military hearing — a quasi-judicial proceeding. Defendant also cooperated with military investigators by providing her account as a sexual assault victim.

6. The recording contained Plaintiff's own words. Defendant did not fabricate, alter, or embellish the content of the recording. The recording is a truthful and accurate account of what Plaintiff said.

7. Notably, Plaintiff has named as co-Defendants in this lawsuit both the person who reported his death threat (Defendant Lovett) and the very woman and mother whom he threatened to kill along with her two minor children (co-Defendant Shekhuna). This fact alone demonstrates the retaliatory nature of this action.

8. Plaintiff has filed this civil action asserting three causes of action — Defamation Per Se, Intentional Infliction of Emotional Distress, and Civil Conspiracy — all of which arise from Defendant's act of providing truthful evidence to military authorities and cooperating with investigators as a sexual assault victim.

9. Plaintiff's lawsuit is retaliatory in nature. It seeks to punish Defendant for her participation as a victim-witness in military proceedings, to intimidate the woman and mother he threatened to kill, and to deter Defendant, Ms. Shekhuna, and other victims from reporting sexual assault and threats of violence to the appropriate authorities.

---

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Dismissal is warranted on two independent and overlapping grounds:

**First**, the doctrine of absolute witness immunity bars all civil claims against Defendant arising from evidence or testimony she provided in connection with quasi-judicial military proceedings.

**Second**, each of Plaintiff's three causes of action independently fails to state a plausible claim for relief under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II. LEGAL STANDARD

A. Standard Under Ariz. *Ledvina v. Cerasani*, 146 P.3d 70, 213 Ariz. 569 (2006) - Absolute Privilege

Reporting a crime to law enforcement authorities is covered under absolute privilege, even if the statements are defamatory and claims are true.

B. Standard Under Fed. R. Civ. P. 12(b)(6) — Failure to State a Claim

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The court is not required to accept legal conclusions couched as factual allegations. *Id.*

---

## III. ARGUMENT

A. ALL CLAIMS ARE BARRED BY ABSOLUTE WITNESS IMMUNITY

1. The Doctrine of Absolute Witness Immunity

It is well established that witnesses enjoy absolute immunity from civil liability for testimony given in judicial proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). The United States Supreme Court extended this protection in *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012), holding that witnesses in grand jury proceedings are entitled to the same absolute immunity as witnesses who testify at trial, in part because "a witness' fear of retaliatory litigation may deprive the tribunal of critical evidence."

This immunity extends to testimony and evidence provided in quasi-judicial proceedings. The purpose of the immunity is to protect witnesses from retaliatory litigation and to encourage candid testimony. The immunity is absolute — it applies regardless of the witness's motive and even if the testimony is allegedly false (which it is not here). *Briscoe*, 460 U.S. at 332-33.

2. A Military Hearing Is a Quasi-Judicial Proceeding

Cooperation with military investigators as a crime victim is likewise protected just like those in judicial proceedings. Statements made to law enforcement in the course of an investigation that is preliminary to or in anticipation of judicial or quasi-judicial proceedings fall within the scope

of absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409 (1976) (recognizing the importance of protecting participants in the judicial process from retaliatory litigation).

3. Witness Immunity Bars Plaintiff's Claims

Plaintiff's causes of action arise from two acts: (1) Defendant's provision of a lawfully recorded telephone conversation as evidence in a military hearing, and (2) Defendant's cooperation with military investigators as a sexual assault victim.

The litigation privilege applies regardless of the specific tort label attached to the claim. *See Restatement (Second) of Torts § 586 cmt. a* (immunity applies to "any form of civil action"). The immunity protects not just oral testimony but also the provision of documentary and recorded evidence to a tribunal, as well as statements made to investigators during the course of an investigation.

Because Defendant is absolutely immune from civil liability for the evidence and testimony she provided in military proceedings, all claims must be dismissed with prejudice.

---

C. EACH CAUSE OF ACTION INDEPENDENTLY FAILS TO STATE A CLAIM

Even absent the anti-SLAPP statute and witness immunity, each of Plaintiff's three causes of action fails to state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6).

Count I: Defamation Per Se

To state a claim for defamation under Arizona law, Plaintiff must allege: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence; and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm. *Turner v. Devlin*, 174 Ariz. 201, 848 P.2d 286 (1993).

**Plaintiff's defamation claim fails for multiple independent reasons:**

1. **Truth is an absolute defense.** The recording captured Plaintiff's own words — his own threat to kill co-Defendant Shekhuna and her two minor children. Defendant did not create, fabricate, or alter the content. A recording of a person's own statements is, by definition, true. Truth is a complete defense to any defamation claim. *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 783 P.2d 781 (1989). To the extent Plaintiff's defamation claim is based on Defendant's statements to military investigators regarding Plaintiff's sexual assault of Defendant, truth remains a complete defense.

2. **Absolute privilege.** Statements and evidence provided in connection with judicial or quasi-judicial proceedings are protected by an absolute privilege that defeats a defamation claim regardless of the speaker's motive. *Green Acres Trust v. London*, 141

Ariz. 609, 688 P.2d 617 (1984). This privilege extends to statements made to law enforcement and military investigators in connection with an investigation. Defendant's provision of the recording to military authorities, and her statements to military investigators as a sexual assault victim, are absolutely privileged.

3. **No "statement" by Defendant as to the recording.** Providing a recording of Plaintiff's own words is not a "statement" by Defendant. The allegedly defamatory content — the death threat — was Plaintiff's own speech, not Defendant's.
4. **Plaintiff has yet to allege what specific statements were made by Defendant that were false and that caused injury.** Plaintiff has not stated what was published by the Defendant to Werda Shekuna that was false and, in that falsity, caused actual injury. Plaintiff has not provided any actual specific statements.

**Count I must be dismissed with prejudice.**

Count III: Intentional Infliction of Emotional Distress (IIED)

To state a claim for IIED under Arizona law, Plaintiff must allege: (1) the defendant's conduct was "extreme" and "outrageous"; (2) the defendant either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result; and (3) severe emotional distress actually occurred. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580 (1987).

**Plaintiff's IIED claim fails because:**

1. **Reporting crimes to authorities is not "extreme and outrageous" conduct.** The threshold for extreme and outrageous conduct is exceptionally high — it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Restatement (Second) of Torts § 46 cmt. d*. Providing truthful evidence that Plaintiff threatened to kill a woman and her two minor children, and cooperating with military investigators as one of Plaintiff's sexual assault victims when requested as part of an established pattern per investigators, is the opposite of outrageous — it is reasonable, responsible, and arguably a legal and moral obligation. No reasonable jury could find this conduct "extreme and outrageous" as a matter of law.
2. **Any distress Plaintiff suffered was caused by his own conduct.** Plaintiff's own threat to kill Ms. Shekhuna and her two children, and his own sexual assault of Defendant, were the proximate cause of any consequences he suffered, including any military proceedings, employment consequences, or emotional distress. Defendant merely reported what Plaintiff himself did.
3. **Public policy.** Allowing an IIED claim to proceed against a sexual assault victim for reporting her assault to military authorities would create an intolerable chilling effect on

crime reporting and would be contrary to the strong public policy favoring victim cooperation with law enforcement.

**Count III must be dismissed with prejudice.**

Count IV: Civil Conspiracy

To state a claim for civil conspiracy under Arizona law, Plaintiff must allege: (1) allege specific statements, (2) allege that the statements were demonstrably false (concerned specific factual allegations), and (3) allege that by making those statements you caused him injury.

**Plaintiff's civil conspiracy claim fails because:**

1. **There are no specific statements.** Plaintiff does not have evidence of any specific statements that were made by Defendant to Werda Shekuna that caused him injury. There were no statements made by the Defendant on any social media sites about the Plaintiff or the conduct that led to him being discharged from the military.
2. **No false statements.** Defendant has not made any false statements to military investigators, only privileged statements.
3. **No statements have caused injury.** Plaintiff has failed to provide evidence that any specific statement made by Defendant to the co-defendant has caused a direct injury to the Plaintiff.

**Count IV must be dismissed with prejudice.**

D. THE RECORDING WAS LAWFUL UNDER ARIZONA LAW

To the extent any of Plaintiff's claims are premised on the theory that the recording itself was unlawful, this theory fails as a matter of law.

Arizona is a one-party consent state. A.R.S. § 13-3005 provides that it is unlawful to intercept a wire or electronic communication unless the person intercepting is a party to the communication or has received prior consent from one of the parties. Defendant was a party to the telephone call during which Plaintiff made his death threat against Ms. Shekhuna and her two minor children. Because Defendant was a participant in the telephone conversation, the recording was entirely lawful under A.R.S. § 13-3005, and Plaintiff has no cognizable legal claim arising from the fact that his words were recorded.

---

**IV. CONCLUSION**

For the foregoing reasons, Defendant Sarah Jennifer Lovett respectfully requests that this Court:

1. Grant this Motion to Dismiss in its entirety;

2. Dismiss Plaintiff's Complaint **with prejudice** as to all three counts;
3. Find that this lawsuit is covered under absolute privilege and failure to state a claim.
4. Award Defendant her costs.
5. Grant such other and further relief as this Court deems just and proper.

**REQUEST FOR ORAL ARGUMENT**

☒ Defendant requests oral argument on this Motion pursuant to LRCiv 7.2(f) of the Local Rules of Practice for the United States District Court for the District of Arizona.

Estimated argument time: 20 minutes per side.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully prays for this Court's Order granting this Motion to Dismiss, dismissing Plaintiff's Complaint with prejudice, awarding Defendant her costs and fees and for such further relief as the Court deems appropriate.

---

Respectfully submitted,

Dated: 7/24/26

Sarah Jennifer Lovett
*Pro Se* Defendant
12391 Squirrel Tree Ln.
Belvidere, IL 61008
Telephone: (309) 752-8855
Email: bernadette84@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 7/24/26, I caused the foregoing DEFENDANT'S MOTION TO DISMISS to be served upon the following parties by email.

Omar M. AlGhizawat
1801 Betts St NE
Albuquerque, NM 87112
(480) 231-0414
omarghizawat@live.com

____________________________________

Sarah Jennifer Lovett, *Pro Se* Defendant